IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 10-631 |
| WAYNE ROSEN | : | |

**GOVERNMENT'S CHANGE OF PLEA MEMORANDUM**

**I.   INTRODUCTION**

Defendants Bernadette Nicholas, Dennis Nicholas and Wayne Rosen engaged in schemes to defraud Malvern Federal.  In the first such scheme, defendants Bernadette Nicholas and Dennis Nicholas, who, together, operated Nicholas Mortgage Company, brokered the sale of an apartment building between defendant Rosen and mortgage clients, who, through the Nicholases, obtained a $1.6 million loan from Malvern Federal.  The Nicholases altered the borrowers' income tax returns prior to submitting them to Malvern Federal and falsely represented the borrowers' income, the amount of the borrowers' down payment, and the details of a subordination agreement between defendant Rosen and the borrowers on the borrowers' loan application and supporting documents.  But for fraudulent misrepresentations made on the loan application documents and at the time of settlement and on the HUD-1 Settlement Sheet, as orchestrated by the Nicholases and Rosen, Malvern Federal would not have agreed to fund the loan.  The borrowers continue to make payments on the loan, although not timely, but Malvern Federal has not yet suffered a loss on the loan.

In the second scheme involving Malvern Federal, defendants Bernadette Nicholas and Wayne Rosen applied for a $3.5 million loan to refinance an existing loan that they had on a

medical building.  In order to influence Malvern Federal's actions on this loan, defendants Bernadette Nicholas and Dennis Nicholas and Rosen prepared and caused to be prepared fraudulent leases which misrepresented the rental income of their medical building and caused these leases to be submitted to an appraiser and Malvern Federal; these leases falsely indicated that the borrowers had rental income that would more than cover their monthly mortgage obligation.  Based on the fraudulent representations made by the Nicholases and Rosen, Malvern Federal funded what was approximately a $3.5 refinancing loan with a cash payout that Malvern Federal would have not agreed to fund, but for the fraudulent representations.  The loan subsequently went into default within only a few months after the loan was funded.  After numerous attempts to resell the property following foreclosure, Malvern Federal suffered a loss that is at least $2.5 million, but not more than $2.5 million.

## II.   THE SUPERSEDING INDICTMENT

Defendant Wayne Rosen was charged in the superseding indictment with bank fraud, in violation of 18 U.S.C. § 1344 (Count 63), and loan application fraud, in violation of 18 U.S.C. § 1014 (Counts 64 and 65).  Defendant Wayne Rosen has agreed to plead guilty to these counts of the superseding indictment and to cooperate with the government.  As a result, the parties have executed a cooperation guilty plea agreement, the terms of which are set forth below.

## II.   PLEA AGREEMENT

The essential terms of the proposed cooperation guilty plea agreement are as follows:

1. The defendant agrees to plead guilty to Counts Sixty-Three through Sixty-Five.

2. The defendant acknowledges his waiver of rights, as set forth in the attachment to the plea agreement and, therein, waives all rights to appeal or collaterally attack the defendant's

conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

      3.      The defendant agrees to pay the special victims/witness assessment in the amount of $300 before the time of sentencing.

      4.      The defendant agrees to pay a fine and to make restitution as directed by the court.

      5.      The defendant agrees to cooperate fully and truthfully with the government, including, but not limited to, providing truthful, complete and accurate information and testimony about his knowledge of, and participation in, offenses alleged in the superseding indictment and any other crimes about which he has knowledge.

      6.      If the government in its sole discretion determines that the defendant has fulfilled all of his obligations of cooperation, at the time of sentencing, the government will make the nature and extent of the defendant's cooperation known to the Court and move for departure from the Sentencing Guidelines pursuant to USSG § 5K1.1 and make whatever sentencing recommendation as to imprisonment, fines, forfeiture, restitution and other matters which the government deems appropriate.

      7.      The parties have entered the following stipulations:

           a.      That the defendant has demonstrated acceptance of responsibility for his offenses making the defendant eligible for a two-level downward adjustment under U.S.S.G. § 3E1.1(a) and assisted authorities in the investigation or prosecution of his misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid

preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a one-level downward adjustment under U.S.S.G. § 3E1.1(b).

IV. **ELEMENTS OF THE OFFENSE**

    A.    Bank fraud (18 U.S.C. § 1344)

        1.    That the defendant *[(knowingly executed a scheme or artifice to defraud (name of financial institution))(knowingly executed a scheme to obtain the money, funds or other property owned by or under the control of (name of financial institution))]* by means of material false or fraudulent pretenses, representations or promises as detailed in the indictment or information;

        2.    That the defendant did so with the intent to defraud Malvern Federal; and,

        3.    That Malvern Federal was then insured by the Federal Deposit Insurance Corporation.

    B.    Loan Application Fraud (18 U.S.C. § 1014)

        1.    The defendant knowingly made false statements to Malvern Federal;

        2.    The false statements were made with regard to a loan(s); and,

        3.    The false statements were made in order to influence Malvern Federal's actions.

V. **MAXIMUM STATUTORY SENTENCE**

    A.    Statutory Maximum Sentences:

18 U.S.C. § 1344 - Bank Fraud - Count Sixty-Three: 30 years imprisonment, five years supervised release, a $1,000,000 fine, and a $100 special assessment.

18 U.S.C. § 1014 - Loan Application Fraud - Counts Sixty-Four and Sixty-Five: 30 years imprisonment, five years supervised release, a $1,000,000 fine, and a $100 special assessment for each count.

<u>Total</u>: 90 years imprisonment, a $3,000,000 fine, five years supervised release, and a $300 special assessment.

## VI.  FACTUAL BASIS FOR THE PLEA

The government would prove the essential elements of the charged offenses and justify this plea based on the following evidence:

The government would prove that Malvern Federal is a financial institution that was insured by the Federal Deposit Insurance Corporation at the time of the charges described in the superseding indictment.

In the scheme to defraud Malvern Federal, the government would that the scheme had two parts. In the first of the two transactions, the government would show that defendant Bernadette Nicholas solicited J.D. and D.D. to purchase an apartment building from defendant Wayne Rosen and his wife, d/b/a Sport-Tech Imaging, Inc.  Defendant Bernadette Nicholas filled out the loan application on behalf of J.D. and D.D. with false information about their income and altered their income tax return, then submitted the application to Malvern Federal.  Before or at the time of settlement, neither Bernadette Nicholas, Dennis Nicholas, nor Wayne Rosen informed Malvern Federal of the false representations made in the loan application or the actual amount of a second mortgage that was part of the sale of the apartment building from Wayne Rosen to J.D. and D.D.  They fraudulently led Malvern Federal's loan officers to believe that J.D. and D.D. were making a $440,000 down payment when, in fact, the entire purchase price of the building was being financed.  In addition, Wayne Rosen entered into a subordination agreement with Malvern Federal for the second mortgage which was falsely represented to be in the amount of $128,000, but, in fact, was for $568,000.  Thus, as part of a bank fraud and loan application fraud scheme, Malvern Federal agreed to fund a loan to J.D. and D.D. in the amount of $1,632,000 based on false representations, in violation of 18 U.S.C. §§ 1344 and 1014 (Counts Sixty-Three

5

and Sixty-Four).

In the second part of the scheme to defraud Malvern Federal, the government would prove that defendants Bernadette Nicholas and Wayne Rosen, d/b/a CINOR, LP, also applied for a $3.5 million loan from Malvern Federal to refinance two existing loans for a medical building. The $3.5 million loan was intended to pay off an existing loan that CINOR, LP had at Malvern Federal in the amount of $1,494,823.55 and a $1,583,491.90 loan from Wilmington Trust. In order to facilitate CINOR, LP's ability to obtain the new loan, defendants Bernadette Nicholas, Dennis Nicholas, and Wayne Rosen prepared and caused seven bogus leases to be submitted to an appraisal company and Malvern Federal. The leases were purportedly between CINOR, LP and six physicians and Powerweb Technologies, Inc., an energy design and engineering firm, who were going to rent space in the building. Malvern Federal relied on the bogus leases as indicia of the cash flow needed to meet the monthly mortgage obligation. Thus, defendants Bernadette Nicholas, Dennis Nicholas, and Wayne Rosen's actions influenced and defrauded Malvern Federal, in violation of 18 U.S.C. § 1344 (Count Sixty-Three), and constituted loan application fraud, in violation of 18 U.S.C. §1014 (Count Sixty-Five).

    Respectfully submitted,

    ZANE DAVID MEMEGER
    United States Attorney

     /s/ Anita Eve
    ANITA EVE
    Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Change of Plea Memorandum has been filed electronically on the Electronic Case Filing system and is available for viewing and downloading from the ECF system, and was served by electronic mail on

>Jack A. Meyerson, Esquire
>Meyerson & O'Neill
>1700 Market Street, Suite 3025
>Philadelphia, PA  19103

>/s/ Anita Eve
>ANITA EVE
>Assistant United States Attorney

DATED:  October 26, 2011